UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jeffrey Michael Sweesy,                                Civil No. 08-323 (PAM/JJK)

                     Petitioner,

v.                                                            **MEMORANDUM AND ORDER**

Federal Bureau of Prisons,

                     Respondent.

This matter is before the Court on Petitioner's objections to United States Magistrate Judge Jeffrey J. Keyes's Report and Recommendation ("R&R"), dated January 27, 2009. Petitioner seeks a writ of habeas corpus under 28 U.S.C.§ 2241. The Court has conducted a <u>de novo</u> review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.1. Based on that review, the Court adopts the R&R.

**DISCUSSION**

Petitioner objects to two of the Magistrate Judge's conclusions. First, Petitioner contends that the Magistrate Judge erred by failing to consider his affirmative defense claims. Second, he asserts that the Magistrate Judge erred by failing to consider Respondent's alleged violations of Bureau of Prisons ("BOP") policies. These contentions lack merit.

First, Petitioner asserts that the Magistrate Judge failed to address Petitioner's affirmative defense and his claim that the inmate whom he assaulted ran away from the corrections officer. (Objections ¶¶ 1-2). However, it is neither the Magistrate Judge's nor this

Court's role to review the Disciplinary Hearing Officer's ("DHO") decision <u>de novo</u>. Rather, it is the judiciary's role in an action for a writ of habeas corpus to ensure that the DHO's decision complies with the requirements of due process. The Court reviews prison disciplinary decisions under the "some evidence" rule, and upholds those decisions as long as "there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." <u>Superintendent, Mass. Corr. Inst. v. Hill</u>, 472 U.S. 445, 455-56 (1985). The Magistrate correctly concluded that the DHO considered all relevant evidence, including Petitioner's self-defense claim and the other inmate's activity after the altercation. <u>Id</u>. at 6-8.

In addition, Petitioner argues that he is entitled to a new evidentiary hearing in order to support his affirmative defense claim. (Obj. ¶ 8). Petitioner does not point to any specific evidence that he wishes to present at a new hearing, but instead argues that more potential witnesses should be heard from, because there were approximately fifty inmates in the area at the time of the assault. (<u>Id</u>.) Again, due process is satisfied as long as some evidence supports the DHO's decision. The Court concurs with the Magistrate Judge that the evidence in the record is sufficient to show that the DHO's decision meets this requirement. (<u>See</u> R&R at 7-9).

Second, Petitioner claims that prison officials violated four BOP policies during the assault investigation. (Obj. ¶¶ 3-5, 7). He argues that but-for the policy violations, the investigation would have revealed that he was innocent. It is not at all clear from the record that these policies were violated. However, even if they were violated, such violations under the circumstances before the Court would not support a writ of habeas corpus. As noted above, there is more than enough evidence from the record to meet the "some evidence"

standard. As the Magistrate Judge held,

> Petitioner's admission that he did hit another inmate, the staff member's eyewitness account of the incident, the photographic evidence of lacerations on the face of the inmate who was hit, and the other inmate's statement that Petitioner struck him when he accused Petitioner of a bad referee call, [were] certainly enough evidence to meet this low threshold.

R&R at 8.

Finally, Petitioner has asserted his right to appointment of counsel. (Obj. ¶ 8, Pet.'s Opp'n ¶ 2). No constitutional right to counsel exists in habeas corpus actions. See, e.g., Pennsylvania v. Finley, 481 U.S. 551 (1987); Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994). Rather, "[a] district court may appoint counsel for a habeas petitioner when 'the interests of justice so require.'" Id. (discussing the factors that guide the district court in exercising its discretion) (quoting Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir.1994)). The issue before the Court is neither legally nor factually complex, Petitioner has adequately briefed it,[1] and the Court can make a decision on the basis of the record before it. Therefore, the interests of justice do not require counsel be appointed for Petitioner, and his request for such appointment is denied.

**ENDFIELD**

**CONCLUSION**

Based on the Court's de novo review of the record and the written submissions of

---

[1] Petitioner raises a new argument that he is entitled to counsel because his habeas petition is "ancillary" to his original criminal conviction. Pet.'s Opp'n ¶ 6. But a habeas petition from an assault while in prison, nearly ten years after the criminal case closed, cannot be considered "ancillary." See 18 U.S.C. § 3006A(c); Miranda v. United States, 455 F.2d 402, 404 (2d Cir. 1972) (holding that "ancillary matters" are those involved "in defending the principal criminal charge").

the parties, the Court **ADOPTS** the Report and Recommendation (Docket No. 23).

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Petition for a Writ of Habeas Corpus (Docket No. 1) is **DENIED**; and

2. The Motion for Summary Judgment (Docket No. 22) is **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: Monday, May 1, 2009

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge